# UNITED STATES DISTRICT COURT

for the

District of South Carolina

Columbia Division

RCVD - USDC COLA SC
AUG 31 '25 AM9:49

Lisa Marie Ball

*Plaintiff(s)*
*(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

-v-

Laserform & Machine, Inc.

*Defendant(s)*
*(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

Case No. ______________
*(to be filled in by the Clerk's Office)*

Jury Trial: *(check one)* ☒ Yes ☐ No

## COMPLAINT FOR EMPLOYMENT DISCRIMINATION

### I. The Parties to This Complaint

#### A. The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Lisa M. Ball |
| Street Address | 226 St. Jill Circle |
| City and County | Statesville / Iredell |
| State and Zip Code | North Carolina / 28265 |
| Telephone Number | 803-633-5354 |
| E-mail Address | Balllisa201@gmail.com |

#### B. The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | **Laserform & Machine, Inc** |
| Job or Title *(if known)* | **Employer** |
| Street Address | **10010 Farrow Road** |
| City and County | **Columbia/ Richland** |
| State and Zip Code | **South Carolina 29203** |
| Telephone Number | **803-691-2223** |
| E-mail Address *(if known)* | **JimMcGowan@lfmsc.com (Human Resources Department)** |

Defendant No. 2

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 3

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 4

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

**C. Place of Employment**

The address at which I sought employment or was employed by the defendant(s) is

| | |
|---|---|
| Name | **Laserform & Machine, Inc.** |
| Street Address | **10010 Farrow Road** |
| City and County | **Columbia / Richland** |
| State and Zip Code | **South Carolina 29203** |
| Telephone Number | **803-691-2223** |

## II. Basis for Jurisdiction

This action is brought for discrimination in employment pursuant to *(check all that apply)*:

☒ Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).

*(Note: In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☒ Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634.

*(Note: In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission.)*

☐ Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117.

*(Note: In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☒ Other federal law *(specify the federal law)*:

**42 U.S.C. § 1981, Family and Medical Leave Act (29 U.S.C. § 2601), and Fair Labor Standards Act (29 U.S.C. § 201).**

☒ Relevant state law *(specify, if known)*:

**South Carolina Payment of Wages Act (S.C. Code Ann. § 41-10-10 et seq.) and South Carolina Common Law (Breach of Implied Contract).**

☐ Relevant city or county law *(specify, if known)*:

## III. Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A. The discriminatory conduct of which I complain in this action includes *(check all that apply)*:

- ☐ Failure to hire me.
- ☒ Termination of my employment.
- ☐ Failure to promote me.
- ☐ Failure to accommodate my disability.
- ☒ Unequal terms and conditions of my employment.
- ☒ Retaliation.
- ☒ Other acts *(specify)*: **Hostile Work Environment, Racial Harassment, FMLA Interference & Retaliation, Willful Wage Misclassification & Overtime Theft (FLSA), and Unlawful PTO/Wage Deductions.**

*(Note: Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.)*

B. It is my best recollection that the alleged discriminatory acts occurred on date(s)

**March 18, 2025 – June 8, 2026 (Ongoing harassment escalating from March 2025; initial racial email incident on October 27, 2023; official termination on June 8, 2026).**

C. I believe that defendant(s) *(check one)*:

- ☒ is/are still committing these acts against me.
- ☐ is/are not still committing these acts against me.

D. Defendant(s) discriminated against me based on my *(check all that apply and explain)*:

- ☒ race
- ☒ color
- ☒ gender/sex
- ☐ religion
- ☐ national origin
- ☒ age *(year of birth)* **1966** *(only when asserting a claim of age discrimination.)*
- ☐ disability or perceived disability *(specify disability)*

# ATTACHMENT TO SECTION III: STATEMENT OF CLAIM

## I. PARTIES & JURISDICTION

1. **Plaintiff:** Lisa Marie Ball is an individual residing in Richland County, South Carolina. Plaintiff was employed by Defendant LaserForm & Machine, Inc. for over 29 years, serving as a Customer Service Representative. Plaintiff was the sole Black female salaried employee on staff.
2. **Defendant:** LaserForm & Machine, Inc. ("LaserForm") is a South Carolina corporation operating an industrial manufacturing facility located at 10010 Farrow Road, Columbia, SC 29203.
3. **Jurisdiction & Venue:** Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1331 (Federal Question), Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e *et seq.*), 42 U.S.C. § 1981, the Fair Labor Standards Act (29 U.S.C. § 201 *et seq.*), the Family and Medical Leave Act (29 U.S.C. § 2601 *et seq.*), the Age Discrimination in Employment Act (29 U.S.C. § 621 *et seq.*), and supplemental jurisdiction over state law claims under 28 U.S.C. § 1367. Venue is proper under 28 U.S.C. § 1391(b).
4. **Administrative Exhaustion:** Plaintiff timely filed Charge No. 415-2026-01398 with the Equal Employment Opportunity Commission (EEOC). The EEOC issued a Notice of Right to Sue on August 10, 2026, making this federal complaint timely filed.

## II. FACTUAL ALLEGATIONS

### 1. Intersectional Harassment & Direct Evidence of Age Bias

- Throughout her 29-year tenure, Plaintiff served as a Customer Service Representative, performing non-exempt operational and clerical support duties including answering phones, interacting with customers, working on the computer, preparing documents, coordinates with Production Mgr.
- **October 27, 2023 Email Incident:** HR Manager Kelli Catoe generated and distributed a server-wide email containing a racially derogatory caricature targeting Black women. Following Plaintiff's verbal report to HR on November 1, 2023, management subjected Plaintiff to ongoing hostility.
- **June 3, 2025, Retirement Pressure (Devin Barrick):** At approximately 9:00–9:30 AM in the production office, Devin Barrick approached Plaintiff's desk and targeted her with unsolicited pressure regarding retirement, stating: *"When are you retiring?"*, *"Aren't you ready to retire?"*, and *"Or at least let us work 4x10s, this working every day ain't getting it."*
- **August 11, 2025 Explicit Age & Software Comments (Jeremy Ray):** At approximately 10:00–10:30 AM in the production office, Plaintiff met with Owner/President Jeremy Ray regarding her 401(k) and clarified relocation plans to the Camden facility. Ray confirmed Plaintiff did not have to relocate and that she had a future at the company, but immediately followed that by stating the only thing he was waiting to hear from her was *"When you're planning on*

*retiring."* Furthermore, regarding the upcoming GSS software system, Ray disparaged Plaintiff's ability to adapt, stating: *"It's going to be tough for you learning the new system, it's nothing like what you've been working on all these years."* When Plaintiff responded that she could learn any system, Ray merely smiled and walked away, actively harboring ageist stereotypes suggesting Plaintiff was "too old" to learn new technology.

- **Systemic Software Exclusion (August–December 2025):** Defendant systematically excluded Plaintiff from hands-on training for the new GSS software while providing full training and transition plans to younger, less-tenured counterparts (such as Mackenzie Williams and Jessica Stockton).
- **Disparate Treatment in Performance Reviews:** Management fast-tracked reviews and pay raises for younger staff (e.g., Front Office Receptionist Kyla Gray on the same day requested), while withholding Plaintiff's performance review for nearly two- three years despite her 29-year record of service.

## 2. Shop-Floor Grievance Exposure & Escalatory Retaliation

- On October 1, 2025, Plaintiff submitted a formal Letter of Grievance (dated September 17, 2025) to Owner Jeremy Ray and Vice President Brent Hutto, raising unlawful salary misclassification, uncompensated overtime, and improper PTO deductions under the FLSA.
- In direct violation of company privacy policies, Jeremy Ray defaced Plaintiff's confidential grievance with hand-drawn office layouts, rolled it up like a clipboard scroll, and carried it openly across the active public shop floor, dropping it for hourly employees to review. This public display incited immediate taunting and mockery from coworkers.
- On October 21, 2025, General Manager Chris Cromer and Vice President Brent Hutto subjected Plaintiff to an "ambush meeting," falsely asserting Defendant had done nothing wrong regarding her classification.

## 3. FMLA Request & The December 18, 2025, Ambush Meeting

- On Thursday, **December 11, 2025**, Plaintiff officially requested FMLA leave documentation. On Defendant's official DOL Form WH-380-E, Defendant formally designated Plaintiff's job solely as *"Customer Service Rep"* with clerical duties (*"Answering phones, interacting with customers, working on computer, preparing documents"*), creating a written admission of her non-exempt status.
- On Tuesday, **December 16, 2025**, Plaintiff received the FMLA documentation.
- **Just one business day later, on Thursday, December 18, 2025**, management—specifically Vice President Brent Hutto, General Manager Chris Cromer, and HR Manager Jim McGowan—cornered Plaintiff in an unscheduled, video-recorded meeting (File: IMG_8097.MOV).
- Convened merely 48 hours after her FMLA paperwork was issued, management utilized a pre-typed script to badger Plaintiff under severe psychological duress—while she was visibly weeping and grieving the recent loss of her son—demanding she abandon her established 21-year work schedule (5:30 AM – 4:00

PM), which Plant Manager Adam Ardis confirmed had operated effectively for over two decades.
- On Monday, **December 22, 2025**, Plaintiff submitted her completed, physician-certified FMLA paperwork and PTO request forms.
- Plaintiff's approved FMLA leave commenced on Tuesday, **December 23, 2025**, and Plaintiff never physically returned to work prior to her discharge.

### 4. Unilateral Job Duty Inflation During FMLA Leave & Wrongful Termination

- Prior to her FMLA leave, Plaintiff's title was strictly Customer Service Representative. However, while Plaintiff was out on protected medical leave, Defendant retaliatorily inflated her job title to "Account Manager" and altered duty expectations, demanding physician certification for these newly added responsibilities specifically designed to erect mental barriers to her return.
- On May 27, 2026, Defendant falsely represented to the EEOC in a position statement that Plaintiff remained employed and that no adverse action had occurred.
- Less than two weeks later, on **June 8, 2026**, just two days after Plaintiff's medical team formally requested a short medical accommodation extension through June 26, 2026—Defendant officially terminated Plaintiff's employment under the false pretext that she turned down an ADA accommodation.

## III. CAUSES OF ACTION

### COUNT I: Intersectional Race, Gender, & Age Discrimination & Hostile Work Environment

*(Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1981, & ADEA - 29 U.S.C. § 621 et seq.)*

- Plaintiff re-alleges and incorporates all preceding paragraphs.
- Defendant subjected Plaintiff—the sole Black female salaried employee—to disparate treatment, racial slurs/caricatures, explicit retirement pressure, ageist stereotyping regarding software adaptability, training exclusions, and severe, pervasive workplace hostility that altered the conditions of her employment.

### COUNT II: Retaliatory Wrongful Termination & Oppositional Retaliation

*(Title VII, 42 U.S.C. § 1981, & ADEA)*

- Plaintiff engaged in protected activity by submitting formal internal grievances, reporting wage violations, requesting FMLA leave, and filing EEOC charges.
- Defendant subjected Plaintiff to adverse actions, culminating in the shop-floor exposure of her grievance, the December 18th scripted ambush meeting, retaliatory job-duty inflation during leave, and her wrongful termination on June 8, 2026.

**COUNT III: FMLA Interference & Retaliation**

*(Family and Medical Leave Act - 29 U.S.C. § 2601 et seq.)*

- Plaintiff was entitled to FMLA leave, which she requested on December 11, 2025, and submitted on **December 22, 2025**.
- Defendant unlawfully interfered with and retaliated against Plaintiff's statutory rights through a progressive pattern of adverse actions: first, by subjecting Plaintiff to a hostile, unscheduled schedule-alteration meeting on **December 18, 2025**—merely 48 hours after her receipt of FMLA documentation; subsequently, while Plaintiff was out on approved statutory leave and prior to her scheduled return date, by unilaterally manufacturing and imposing newly inflated "Customer Service Account Manager" job duties to obstruct her reinstatement; and ultimately, by terminating her employment on **June 8, 2026**.Inapplicability of "Key Employee" Defense:
- Plaintiff was not a "Key Employee" under 29 U.S.C. § 2614(b). Defendant admitted on Form WH-380-E that her title was solely Customer Service Representative and her duties were clerical, she was not among the top 10% highest-paid employees, her absence caused no "substantial and grievous economic injury", and Defendant never provided statutory written notice under 29 C.F.R. § 825.219.

**COUNT IV: Willful Wage Misclassification & Overtime Theft**

***(FLSA, 29 U.S.C. § 201 et seq., and S.C. Code Ann. § 41-10-10 et seq.)***

**Defendant's Knowledge and Authorization of Overtime:**

- Plaintiff incorporates all preceding paragraphs by reference.
- At all times relevant, Defendant operated as an enterprise engaged in commerce and employed Plaintiff in a non-exempt capacity.
- Throughout Plaintiff's tenure exceeding 29 years, Defendant consistently required, suffered, and permitted Plaintiff to perform substantial hours of compensable work beyond 40 hours per workweek, regularly averaging between 45 and 57.75 hours per week.
- Defendant knowingly, intentionally, and willfully failed to compensate Plaintiff at the statutory overtime rate of one and one-half times her regular rate of pay for all hours worked over 40 in a workweek, and systematically executed improper PTO deductions and payroll miscalculations in violation of 29 U.S.C. § 207 and S.C. Code Ann. § 41-10-30 *et seq.*
- Defendant's representations during the **December 18, 2025**, meeting and in subsequent rebuttal filings (*Exhibit D-3*)—claiming management lacked knowledge of, or never instructed Plaintiff to work, her extended weekly

schedule—are demonstrably false, bad-faith assertions directly refuted by Defendant's own corporate records.

- Defendant maintained actual and constructive knowledge of Plaintiff's extended work schedule across her employment tenure, as established by:
- Plaintiff's original salary application documenting expected weekly hours (*Exhibit D-2*);
- Supervisory correspondence authored by Rick Fleck (August 2001) confirming an established schedule of 45 hours per week and documented averages of 57.75 hours per week (*Exhibit D-2*);
- Defendant's Statutory *Notice of Terms of Employment* issued pursuant to S.C. Code Ann. § 41-10-30 (March 11, 2018), confirming hours worked more than 40+ hours per week (*Exhibit D-2*); and
- Contemporaneous electronic time logs and Paychex, payroll records (*Exhibit D-1*).
- By maintaining corporate records acknowledging Plaintiff's regular 45-to-57.75-hour workweeks while simultaneously refusing statutory overtime pay and falsely claiming lack of authorization, Defendant acted with reckless disregard and willful intent under 29 U.S.C. § 255(a).
- Defendant misclassified Plaintiff as exempt to avoid paying time-and-a-half overtime for 881.07 overtime hours worked.
- Defendant's violation was willful: text messages confirm former HR Manager Alex Dhers and Denise Shinn warned ownership of the misclassification, but corporate ownership Management ordered HR to "leave it alone".
- In November 2023, Defendant manually inserted "CPA" into Plaintiff's Paychex metadata without her knowledge to manufacture a fraudulent Learned Professional Exemption.

**COUNT V: Unlawful Wage & PTO Deductions**

*(South Carolina Payment of Wages Act - S.C. Code Ann. § 41-10-10 et seq.)*

- Defendant made illegal, unauthorized deductions from Plaintiff's earned compensation and accrued PTO bank to cover partial-day schedule variations while simultaneously requiring uncompensated overtime.

## IV. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Lisa Marie Ball respectfully requests judgment against Defendant LaserForm & Machine, Inc. for total itemized damages of **$1,057,500.00**, comprising:

1. **$121,336.96** in FLSA Unpaid Overtime ($60,668.48 back pay at $68.86/hr + $60,668.48 100% liquidated damages).
2. **$16,953.19** in improper PTO/wage deduction reimbursement.
3. **$16,151.34** for Short-Term Disability salary gap.
4. **$7,074.00** for COBRA/health benefit differentials.
5. **$21,018.00** for past and 6-year projected lost 401(k) employer matches.
6. **$572,956.00** in Front Pay (6 years through retirement age 65).
7. **$2,010.00** for Social Security baseline diminution.
8. **$300,000.00** in Title VII / § 1981 Compensatory and Punitive Damages.
9. Pre-judgment interest, post-judgment interest, court costs, attorney's fees, and such further relief as this Court deems just.

## VERIFICATION & CERTIFICATION

I declare under penalty of perjury under the laws of the United States of America that the foregoing Statement of Claim is true and correct.

Executed on 8/31/2026.

**Lisa Marie Ball, Plaintiff Pro Se**
**Phone: (803) 633-5354 | Email: balllisa201@gmail.com**

**Please see attached 'Attachment B: Itemized Statement of Relief & Damages' for complete breakdown.**

## VI. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 8 / 31 / 2026

Signature of Plaintiff Lisa M Ball

Printed Name of Plaintiff Lisa M Ball

### B. For Attorneys

Date of signing: ____________

Signature of Attorney ____________

Printed Name of Attorney ____________

Bar Number ____________

Name of Law Firm ____________

Street Address ____________

State and Zip Code ____________

Telephone Number ____________

E-mail Address ____________

E. The facts of my case are as follows. Attach additional pages if needed.

**Plaintiff, a 29-year employee, was subjected to intersectional race, gender, and age discrimination, hostile work environment, salary misclassification under the FLSA, unauthorized wage/PTO deductions, and severe retaliation after submitting formal grievances. Following Plaintiff's request for FMLA leave on December 11, 2025, Defendant escalated hostility via an unscheduled, pre-scripted ambush meeting on December 18, 2025. While Plaintiff was on approved leave, Defendant unilaterally inflated her job duties and ultimately terminated her employment on June 8, 2026, in retaliation for protected statutory activities.**
**FOR FULL FACTUAL DETAILS, SEE ATTACHED STATEMENT OF CLAIM (ATTACHMENT C) INCORPORATED HEREIN BY REFERENCE.**

*(Note: As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, or the charge filed with the relevant state or city human rights division.)*

## IV. Exhaustion of Federal Administrative Remedies

A. It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding the defendant's alleged discriminatory conduct on *(date)*

**April 3, 2026**

B. The Equal Employment Opportunity Commission *(check one)*:

☐ has not issued a Notice of Right to Sue letter.

☒ issued a Notice of Right to Sue letter, which I received on *(date)* **8/10/2026** .

*(Note: Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.)*

C. Only litigants alleging age discrimination must answer this question.

Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding the defendant's alleged discriminatory conduct *(check one)*:

☒ 60 days or more have elapsed.

☐ less than 60 days have elapsed.

## V. Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

**Please see attached Relief & Damages Statement:**

**ATTACHMENT TO SECTION V: ITEMIZED STATEMENT OF RELIEF & DAMAGES**

**Case Name:** Lisa Marie Ball v. LaserForm & Machine, Inc.

**Court:** U.S. District Court, District of South Carolina (Columbia Division)

## V. PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests that this Honorable Court enter judgment in her favor and against Defendant LaserForm & Machine, Inc., ordering the following relief:

### 1. Injunctive & Equitable Relief (Continuing Harm)

- **Order of Compliance & Policy Reform:** An order directing Defendant to cease all unlawful employment, payroll, and discriminatory practices, correct improper non-exempt/exempt classifications across personnel records, and adjust compliance policies.
- **Basis for Continuing Harm:** The wrongs alleged are continuing at this precise time because Defendant maintains uncorrected, non-compliant personnel and payroll records, continues to enforce improper job-duty modifications, and has failed to offer Plaintiff unconditional reinstatement to her baseline position with proper statutory accommodations.

### 2. Actual & Compensatory Damages

Plaintiff claims actual, itemized financial damages in the total amount of **$757,500.00**, calculated as follows:

- **Unpaid Overtime Back Pay & FLSA Statutory Penalties: $121,336.96** *(comprising $60,668.48 in unpaid overtime back pay for 881.07 hours calculated at time-and-a-half ($68.86/hr), plus $60,668.48 in mandatory 100% statutory liquidated damages pursuant to 29 U.S.C. § 216(b) for willful misclassification).*
- **Improper Wage & PTO Deductions: $16,953.19** *(direct reimbursement for earned, accrued Paid Time Off improperly deducted from Plaintiff's balance to cover schedule shortfalls at Plaintiff's baseline regular hourly rate).*
- **Short-Term Disability Wage Gap: $16,151.34** *(reimbursement for the direct wage gap between Plaintiff's baseline salary earnings of $21,692.34 across 6 pay periods and the $5,541.00 received in Short-Term Disability benefits during her forced leave).*
- **Lost Health Benefits & COBRA Differentials: $7,074.00** *(representing $786.00 incurred over the past 2 months at $393.00/month above active employee rates, plus $6,288.00 projected across the remaining 16 months of statutory COBRA eligibility).*

- **Lost Employer 401(k) Match Contributions: $21,018.00** *(representing past lost employer 4% matching contributions plus 6 years of projected lost employer retirement contributions ($3,290.04/year) through retirement age 65).*
- **Front Pay / Future Lost Wages (6 Years through Age 65): $572,956.00** *(representing six (6) years of projected lost future earnings ($95,492.67/year) through standard retirement age 65, justified by Plaintiff's 29-year tenure, age 59 at termination, and total loss of career trajectory resulting from retaliatory wrongful discharge).*
- **Social Security Baseline Diminution: $2,010.00** *(compensation for the permanent baseline reduction in retirement benefit entitlement caused by forced early departure).*

### 3. Civil Rights & Punitive Damages

- **Title VII & Section 1981 Damages: $300,000.00** for severe, multi-year racial harassment, hostile work environment, retaliatory conduct, emotional distress, physical health decline, and bad-faith administrative misrepresentations under Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981.
- **Basis for Punitive Damages:** Defendant acted with malice, ill will, and reckless indifference to Plaintiff's federally protected civil rights by subjecting Plaintiff to racial harassment, defacing and exposing her confidential grievance on the active shop floor, conducting a hostile interrogation following an internal grievance 48 hours after an FMLA leave request, tampering with metadata payroll records ("CPA" profile insertion), and terminating her employment under false pretexts.

### 4. Summary of Total Monetary Relief Requested

**Total Itemized Recovery Requested: $1,057,500.00** (plus 100% statutory liquidated damages under FLSA/FMLA where applicable).
**Pre-Judgment and Post-Judgment Interest:** Interest at the maximum statutory rate.
**Costs & Fees:** Award of all allowable court costs, litigation expenses, and fees as permitted by law.
**General Relief:** Such other and further relief as this Court deems just, equitable, and proper.

I declare under penalty of perjury under the laws of the United States of America that the foregoing Statement of Claim is true and correct.

Executed on 8 | 31 | 2026.

**Lisa Marie Ball, Plaintiff Pro Se** [signature: Lisa M Ball]
**Phone: (803) 633-5354 | Email: balllisa201@gmail.com**

## V. 4-1 Itemized Relief & Damages Breakdown Summary

| Damage Category | Math Basis | Updated Total |
|---|---|---|
| **1. Unpaid Overtime & FLSA Penalties** | Back Pay + 100% Penalties | **$121,336.96** |
| **2. Improper PTO Deductions** | Reimbursement for improperly deducted PTO balance | **$16,953.19** |
| **3. Short-Term Disability Wage Gap** | Baseline Salary minus STD Payments | **$16,151.34** |
| **4. Lost Health Benefits & COBRA** | COBRA differential | **$7,074.00** |
| **5. Lost Employer 401(k) Match** | Past & 6-year projected 4% employer match | **$21,018.00** |
| **6. Front Pay / Future Wages (6 Years to Age 65)** | 6 years of projected lost wages through retirement age 65 | **$572,956.00** |
| **7. Social Security Baseline Diminution** | Permanent baseline entitlement reduction | **$2,010.00** |
| **8. Title VII & § 1981 Civil Rights** | Severe racial harassment, retaliation & emotional distress | **$300,000.00** |
| **UPDATED TOTAL RECOVERY REQUESTED** | | **$1,057,500.00** |

declare under penalty of perjury under the laws of the United States of America that the foregoing Statement of Claim is true and correct.

Executed on August 31, 2026.

**Lisa Marie Ball, Plaintiff Pro Se**
**Phone: (803) 633-5354 | Email: balllisa201@gmail.com**